# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
September 17, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT BANDY,**
**Claimant Below, Petitioner**

**vs.)    No. 14-1076** (BOR Appeal No. 2049411)
                    (Claim No. 2012029853)


**CONSOLIDATION COAL COMPANY,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Robert Bandy, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Consolidation Coal Company, by Edward M. George III, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 23, 2014, in which the Board affirmed an April 18, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 16, 2013, decision holding the claim compensable for lumbar sprain but denying the request to add thoracic or lumbosacral neuritis/radiculitis as a compensable condition. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bandy worked as a beltman for Consolidation Coal Company. On March 15, 2012, Mr. Bandy experienced very sharp pain in his low back when lifting a sand prop weighing 100 to 150 pounds. The claim was held compensable for lumbar sprain. C. Clark Milton, D.O., treated Mr. Bandy from March 19, 2012, until September 10, 2012, and found that Mr. Bandy had back pain and radiculopathy symptoms. Dr. Milton concluded that it was difficult to determine what

1

conditions were related to the injury and what conditions were pre-existing chronic conditions. Mr. Bandy was involved in a motor vehicle accident in 1996, which resulted in an injury to his back, and he underwent back surgeries as a result of the accident, one in 1996 and one in 2001. In an independent medical evaluation, Bruce Guberman, M.D., diagnosed Mr. Bandy with chronic lumbosacral strain. Bradley Schmitt, M.D., treated Mr. Bandy from April 4, 2013, until June 24, 2013, and he completed a diagnosis update request on June 24, 2013. Dr. Schmitt requested that the diagnosis of chronic lumbar radiculopathy be added as a secondary condition. On July 16, 2013, the claims administrator held the claim compensable for lumbar sprain but denied the request to add thoracic or lumbosacral neuritis/radiculitis as a compensable condition.

The Office of Judges affirmed the claims administrator's decision and found that Mr. Bandy has failed to establish by a preponderance of the evidence that the condition of thoracic or lumbosacral neuritis/radiculitis, unspecified, occurred in the course of and as a result of his employment. The Board of Review affirmed the Order of the Office of Judges. On appeal, Mr. Bandy disagrees and asserts that his testimony and medical evidence of causation is sufficient to meet his burden of proof and in addition there is no contrary medical evidence to support another basis for the neuritis/radiculitis other than the compensable injury. Consolidation Coal Company maintains that Mr. Bandy failed to establish that the condition of thoracic or lumbosacral neuritis/radiculitis was causally related to the compensable injury. Consolidation Coal Company further maintains that Mr. Bandy had pre-existing lumbar conditions.

The Office of Judges concluded that this case is not simply a case of minor degenerative changes of the lumbar spine being asymptomatic prior to the compensable injury. Mr. Bandy has had two prior back surgeries, and as stated in the June 7, 2012, report of Vincent Miele, M.D., Mr. Bandy has significant degenerative disc disease in the lumbar spine, which was also revealed in the March 30, 2012, MRI. In a September 10, 2012, report, Dr. Milton found that it is difficult to determine what is secondary to Mr. Bandy's recent injury and what conditions are his chronic issues. Dr. Milton reported the left radicular symptoms four days after the injury but did not report Mr. Bandy's right radicular symptoms until at the earliest two months after the injury. Dr. Milton rendered no opinion as to the compensability of neuritis/radiculitis. The Office of Judges found that the question of whether neuritis/radiculitis is a compensable condition is complicated by Mr. Bandy's medical history. Dr. Guberman saw Mr. Bandy on December 20, 2012, and made no diagnosis of neuritis/radiculitis. The Office of Judges found that the only physician of record that made an opinion on the compensability of neuritis/radiculitis is Dr. Schmitt in his diagnosis update request. The Office of Judges noted that Dr. Schmitt saw Mr. Bandy as early as April of 2012 and on several occasions afterwards but made no assessment of left radiculopathy until December 11, 2012, nine months after the injury. Dr. Schmitt failed to explain how the requested radiculopathy is related to this injury but merely stated that this request is for a new injury. The Office of Judges determined that the evidence of record does not prove by a preponderance of the evidence that the neuritis/radiculitis is causally related to the compensable injury.

The Board of Review agreed with the Order of the Office of Judges. This Court agrees with the Board of Review. Dr. Guberman made no diagnosis of neuritis/radiculitis, and Dr. Milton gave no opinion on whether Mr. Bandy's radiculopathy was related to the work injury.

Mr. Bandy has significant degenerative disc disease in the lumbar spine prior to this work injury as revealed on the March 20, 2012, MRI. Dr. Schmitt was the only physician who found radiculopathy should be added as a compensable condition but failed to provide any explanation as to how this condition was related to the work injury and not pre-existing. Mr. Bandy has failed to prove by a preponderance of the evidence that the condition of thoracic or lumbosacral neuritis/radiculitis, unspecified occurred in the course of and as a result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 17, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II